# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON HELEN FAIRCHILD,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, ET AL.;<br><br>Defendants. | CASE NO. 21-cv-00496-GPC-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE;**<br><br>**(2) GRANTING DEFENDANTS' MOTIONS TO DISMISS;**<br><br>**(3) VACATING HEARING; AND**<br><br>**(4) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS AND REQUEST FOR JUDICIAL NOTICE**<br><br>[ECF Nos. 6, 8, 15] |

\ \ \

\ \ \

Defendants Evergreen Inn Motel, Sobi Investments, LLC, Nitin Bhanubhai Solanki, and Kundan Solanki (sued as "Mrs. Solanki"), (collectively, "Evergreen Defendants") have filed a Motion to Dismiss or Transfer for Improper Venue, and Defendant Grubhub Inc. (sued as "Grubhub LLC") ("Grubhub") has filed a Motion to Dismiss for Improper Venue and Failure to State a Claim, which also seeks sanctions against Plaintiff. ECF Nos. 6, 8. For the reasons that follow, the Court **GRANTS** the motions to dismiss for improper venue. The Court further **VACATES** the hearing on this matter that is currently set for June 18, 2021 pursuant to Civ. L.R. 7.1(d)(1).

## I. Background

On March 19, 2021, Plaintiff Alison Helen Fairchild ("Plaintiff"), then residing in San Diego, initiated this action in the Southern District of California. ECF No. 1 ("Compl."). Ten days later, Plaintiff filed a notice of change of address, reflecting that she now lives in Pasadena. ECF No. 4. In her 255-page Complaint, Plaintiff asserts at least 27 causes of action against numerous defendants, including Evergreen Defendants and Grubhub (collectively "Moving Defendants"). *See* Compl. The Complaint arises out of events that occurred in Covina, California related to Plaintiff's removal from a hotel room at the Evergreen Inn.

Plaintiff and her fiancé, Arogant Hollywood, have been designated as vexatious litigants in the Central District of California. *See Arogant Hollywood, et al. v Carrows California Family Restaurants, et al.*, Case No. 2:18-cv-2098-JGB (GJS), Report and Recommendation, ECF No. 81 (Sept. 17, 2019); Order Accepting Report and Recommendation, ECF No. 82 (Oct. 30, 2019) (filed as ECF Nos. 8-10, 8-11) ("Vexatious Litigant Orders").[1] In finding the Plaintiff and

---

[1] The Court takes judicial notice of the existence of orders filed in Plaintiff's other cases, but not any disputed facts recited therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Likewise, the Court also takes judicial notice of the other lawsuits filed by Plaintiff. The Court therefore **GRANTS** Grubhub's requests for judicial notice with respect to Exhibits 1, 2, and 3 (ECF Nos. 8-9, 8-10, and 8-11).

Hollywood vexatious litigants, that court noted that they had filed 21 lawsuits in the Central District over a two-year period. ECF No. 8-10 at 52. Four days after filing this action, Plaintiff filed a substantially similar complaint in the Western District of Washington against Moving Defendants and others. *Fairchild v. Wyze Labs Inc et al*, Case No. 2:21-cv-00397-RAJ, Proposed Complaint, ECF No. 1 (March 23, 2021) (filed as ECF No. 8-9). That case remains pending.

## II. Legal Standard

A defendant may move to dismiss a case on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). A "[p]laintiff has the burden of showing that venue was properly laid in [the district in which the plaintiff filed]." *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

The general venue provision, Section 1391(b) of Title 28 of the U.S. Code, provides in pertinent part that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether to dismiss a case or transfer it is within the district court's discretion. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## III. Discussion

The Court finds that it can grant Defendants' motions to dismiss the complaint as unopposed given Plaintiff's failure to file an opposition within the time provided, and alternatively would dismiss the complaint because venue is

plainly improper in the Southern District of California and the interests of justice would not be served by transferring the case.

### A. Dismissal is warranted by Plaintiff's failure to file an opposition

The Court may independently dismiss the complaint due to Plaintiff's failure to file an opposition. Although Plaintiff submitted a short proposed order extending the time to file an opposition by three months to the Court's email inbox, Plaintiff did not file, either on time or belatedly, an opposition to the motions to dismiss or an application for extension of time within which to file one. Instead, Plaintiff filed a request for leave to file documents electronically and a request for judicial notice that purports to be related to Grubhub's corporate disclosure statement. ECF No. 15.

Southern District of California Local Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Civ. LR 7.1(e)(2). As further described in Local Rule 7.1(f)(3)(a), any party choosing not to oppose a motion must file a written statement that he does not oppose the motion or otherwise request for ruling by the court. Civ. LR 7.1(f)(3)(a). "If an opposing party fails to file the papers in the manner required by Local Rule 7(1)(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. LR 7.1(f)(3)(c).

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). The Ninth Circuit also permits dismissal pursuant to a local rule where the party is acting pro se. Even though the court has an obligation to liberally construe their pleadings, "pro se litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Before dismissing an action for failure to comply with local rules, the

district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, Plaintiff failed to comply with the local rules by not filing an opposition to the motions to dismiss. The public interest in resolving the litigation expeditiously, the court's need to manage its docket, and the potential risk of prejudice to defendants are weightier than in the typical case given Plaintiff's documented history of failure to comply with court orders and rules, which has extended and needlessly complicated litigation in Plaintiff's other cases. *See generally* Vexatious Litigant Orders. Further, as there is no likelihood that this Court could dispose of the case on the merits given that venue is plainly improper as discussed below, the public policy rationale articulated in the fourth *Ghazali* factor is inapplicable.

Accordingly, the Court GRANTS Defendants' motions to dismiss as unopposed. *See* Civ. L.R. 7.1(f)(3)(c).

**B. Venue in this district is improper**

However, even if the Court considers the merits of the motions to dismiss for improper venue, the Court finds that venue is not proper in the Southern District of California.

In the Complaint, Plaintiff states that venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resided in San Diego, California and all Defendants are residents of California and all events occurred in California. Compl. ¶¶ 44, 45. However, as noted above, Section 1391(b) provides that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b). According to the Complaint, the Evergreen Inn—the location where nearly all the complained-of conduct occurred—is located in Covina, California, Compl. ¶ 23, a city in Los Angeles County.[2] None of the Defendants reside in this district, and no events in the Complaint occurred in this district. *See* 28 U.S.C. §84(d) ("The Southern District of California comprises the counties of Imperial and San Diego."). Under Section 1391(b)(2), the proper venue for Plaintiff to file the Complaint is the Central District of California. *See* 28 U.S.C. §84(c)(2).

The Court therefore finds that venue is improper in the Southern District of California.

**C. Dismissal is appropriate as transfer is not in the interest of justice**

The decision whether to transfer or dismiss a case that was filed in an improper venue rests in the sound discretion of the district court. *King*, 963 F.2d at 1304. Although transfer is often preferable to outright dismissal, *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990), there are a number of circumstances in which transfer would not be in the interests of justice. The Ninth Circuit has held that a district court does not abuse its discretion in dismissing rather than transferring a case where the plaintiff appears to be improperly forum shopping or purposefully attempting to prosecute the case in an improper venue. *E.g.*, *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) ("Justice would not have been served by transferring Wood's claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping."); *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 588 (9th Cir.

---

[2] The Court takes judicial notice of the fact that Covina, California is within Los Angeles County. *See* County of Los Angeles, *Cities within the County of Los Angeles*, http://file.lacounty.gov/SDSInter/lac/1043530_09-10CitiesAlpha.pdf (accessed June 8, 2021). However, the Court need not take judicial notice of the Los Angeles County's inclusion in the Central District of California because this is provided by statute. The Court therefore **DENIES AS MOOT** Grubhub's request for judicial notice with respect to Exhibit 4 (ECF No. 8-12).

1991) (finding district court did not abuse its discretion in dismissing case where plaintiff disclaimed any intent to prosecute lawsuit in appropriate district); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) ("[T]he interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system.").

This is one such case. Plaintiff's Complaint presents no arguable basis for venue in this district. This does not appear to be an instance in which "by reason of the uncertainties of proper venue a mistake is made" by the plaintiff. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). In the Complaint, Plaintiff cites 28 U.S.C. § 1391(b) and thus appears to have been aware of the statutory venue requirements. Compl. ¶¶ 44, 45. Instead, filing in the Southern District has allowed Plaintiff to avoid complying with the Vexatious Litigant Order in effect in the Central District. Transferring this case to the Central District would essentially allow Plaintiff to make an end-run around the requirement that she seek leave of court before filing a new civil action in the Central District.

The Court notes that Plaintiff may run into statute of limitations issues should the Complaint be dismissed, as some of the events are alleged to have taken place in early 2019. Although the Court declines to determine the statute of limitations applicable to all 27 causes of action asserted by Plaintiff, some appear likely to fall under California Code of Civil Procedure Section 335.1, which provides for a two-year statute of limitations for personal injury claims and is applicable to Section 1983 claims brought in California. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). A potential statute of limitations bar must factor into a district court's decision of whether to dismiss or transfer a case filed in the wrong venue. *Cf. Taylor v. Social Sec. Admin.*, 842 F.2d 232, 233 (9th Cir. 1988) (quoting *Hill v. United States Air Force*,

- 7 -

Case No. 21-cv-00496-GPC-KSC

795 F.2d 1067, 1070 (D.C. Cir. 1986)) ("In determining whether to grant or deny a motion to transfer an action pursuant to section 1631, the district court must consider whether the action would have been timely if it had been filed in the proper forum on the date filed, and if so, whether a transfer would be 'in the interests of justice.'"). However, the fact that a complaint would be untimely if the plaintiff were required to initiate a new action in the proper district does not require that the court transfer the case. *See Paul v. I.N.S.*, 348 F.3d 43, 47 (2d Cir. 2003) (noting that whether a newly filed action would be untimely is one factor to consider in determining whether it is in the interests of justice to transfer case, but suggesting that bad faith could weigh in favor of dismissal even if statute of limitations would bar subsequent action). Here, although Plaintiff is proceeding pro se, she is an experienced litigant and was on notice of federal venue requirements. Even if she would be barred from asserting some of her claims were she to refile in the Central District because the statute of limitations has since elapsed, Plaintiff brought the statute of limitations issue upon herself when she decided to file the Complaint in a venue that is clearly improper.

The Court therefore alternatively GRANTS the motions to dismiss for improper venue without prejudice. *See In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991). The Court does not reach the other bases for Grubhub's motion to dismiss.

### IV. Request for Sanctions

Defendant Grubhub also requests that the Court impose a sanction on Plaintiff for her conduct pursuant to the Court's inherent power.

The Court has the inherent power to impose sanctions "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). A specific finding of bad faith is required for sanctions issued pursuant to the Court's inherent power, while

- 8 -

Case No. 21-cv-00496-GPC-KSC

recklessness, without more, does not justify such sanctions. *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Conduct tantamount to bad faith can be inferred by a litigant's "knowledge of the rule and the applicable law and recklessness in the face of such undeniable knowledge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1106 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (citation omitted). The Court may sanction a litigant even if the basis for the action is not totally frivolous. *See Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995).

While the Court's inherent power is broad, such "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44; *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). Sanctions cannot "be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Id.* at 767.

In this case, Grubhub has presented evidence of abusive litigation tactics undertaken by Plaintiff and Hollywood that give the Court cause for concern, including emails from Plaintiff admitting that she was aware venue was improper in the Washington action and from Hollywood threatening Grubhub and its counsel. *See* ECF No. 8-2 (Hackett Decl.); ECF No. 8-3 ("You are correct that venue is not in the Western Washington federal court."); ECF No. 8-4 ("AS ALISON TOLD YOU IN HER EMAIL WE DO HAVE PLANS TO SUE GRUBHUB INC. AND EXECUTIVES ELSEWHERE."); ECF No. 8-5 (listing Plaintiff's plans to sue Grubhub and others in numerous states). However, as "dismissal of an action for improper venue is a harsh penalty," the Court declines to impose further sanctions on Plaintiff at this time. *In re Hall*, 939 F.2d at 806. Instead, the Court will explicitly warn Plaintiff that intentionally filing actions in an improper district for the purpose of avoiding the Central District's Vexatious Litigant Orders will not be tolerated. Now that Plaintiff is undoubtedly on notice that there is no basis for venue in the Southern District, the Court expects Plaintiff will not pursue frivolous further proceedings in this district. Any such further

actions done with the intent of harassing defendants will justify the imposition of appropriate sanctions, including monetary sanctions.

The Court additionally notes that it has the inherent authority to regulate the conduct of those who practice before it, including the authority to issue sanctions against those engaged in the unauthorized practice of law. *See Henry v. Rizzolo*, No. 2:08-CV-00635-PMP-GWF, 2009 WL 10692950, at *2 (D. Nev. Oct. 23, 2009); *In re Powell*, 266 B.R. 450, 452 (Bankr. N.D. Cal. 2001). If Plaintiff continues to pursue this matter and the Court determines that Hollywood has prepared pleadings or motions on Plaintiff's behalf, he may be subject to sanctions.

## V. Conclusion

The Court accordingly:

1. **GRANTS IN PART** and **DENIES AS MOOT IN PART** Defendant Grubhub's request for judicial notice;

2. **DISMISSES** the case without prejudice;

3. **VACATES** the hearing on this matter; and

4. **DENIES AS MOOT** Plaintiff's Motion for Leave to Electronically File Documents and Request for Judicial Notice (ECF No. 15).

**IT IS SO ORDERED.**

Dated: June 8, 2021

Hon. Gonzalo P. Curiel
United States District Judge